UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- x

UNITED STATES OF AMERICA

- v. -

FARIDDUN KULIEV,

                Defendant.

------------------------------------- x

CONSENT PRELIMINARY ORDER
OF FORFEITURE AS TO SPECIFIC
PROPERTY/
MONEY JUDGMENT

S3 20 Cr. 653 (RA)

       WHEREAS, on or about November 4, 2021, FARIDDUN KULIEV (the "Defendant"), was charged in an a five-count Superseding Indictment, S3 20 Cr. 653 (RA) (the "Indictment"), with conspiracy to operate an unlicensed money transmitting business, in violation of Title 18, United States Code, Section 371 (Count One); conspiracy to commit money laundering, in violation of Title 18, United States Code, Section 1956(h) (Count Two); bank fraud, in violation of Title 18, United States Code, Sections 1344 and 2 (Count Three); wire fraud, in violation of Title 18, United States Code, Sections 1343 and 2 (Count Four); and aggravated identity theft, in violation of Title 18, United States Code, Sections 1028A(a)(1), 1028A(b), and 2 (Count Five);

       WHEREAS, the Indictment included a forfeiture allegation as to Counts One and Two of the Indictment, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), any and all property, real and personal, involved in the offenses charged in Counts One and Two of the Indictment, or any property traceable to such property, including but not limited to a sum of money in United States currency representing the amount of property involved in the offense charged in Counts One and Two of the Indictment;

       WHEREAS, on or about July 5, 2022, the Defendant pled guilty to Count Two of the Indictment, pursuant to a plea agreement with the Government, wherein the Defendant

admitted the forfeiture allegation with respect to Count Two of the Indictment and agreed to forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(1) a sum of money equal to $5,338,701 in United States currency, representing all property involved in the offense charged in Count Two of the Indictment; and (ii) all right, title and interest of the Defendant in the following specific properties:

    a. $84,801.27 in United States currency formerly on deposit in TD Bank account 4368405001 held in the name of "Lyfe Marketing Partners Inc." seized by the Government on or about September 8, 2020;

    b. All monies and funds contained in J.P. Morgan Chase Bank account 591215329 held in the name of "MMND Wholesale Inc.";

    c. All monies and funds contained in J.P. Morgan Chase Bank account 635601880 held in the name of "ABSA Wholesale LTD";

    d. All monies and funds contained in J.P. Morgan Chase Bank account 631112296 held in the name of "ABSA Wholesale LTD";

    e. All monies and funds contained in Investor's Bank account 1001023430 held in the name of "Sigma Equipment Lease Corp.";

    f. All monies and funds contained in Investor's Bank account 1001508149 held in the name of "Showtime Place Service Inc."; and

    g. All monies and funds contained in Investor's Bank account 1001502185 held in the name of "FKAA Corp."

(a. through g., collectively, the "Specific Property"); and

    WHEREAS, the Defendant consents to the entry of a money judgment in the amount of $5,233,701 in United States currency, representing the property involved in the offense charged in Count Two of the Indictment;

    WHEREAS, the Defendant further consents to the forfeiture of all his right, title and interest in all right, title and interest of the defendant in the Specific Property which constitutes property involved in the offense charged in Count Two of the Indictment;

WHEREAS, the Defendant admits that, as a result of acts and/or omissions of the Defendant, the property involved in the offense charged in Count Two of the Indictment cannot be located upon the exercise of due diligence, with the exception of the Specific Property;

WHEREAS, the Defendant agrees to make a payment in the amount of $487,200 in partial satisfaction of the Money Judgment by one year after the date of the Defendant's sentencing in this case (the "Payment"); and

WHEREAS, pursuant to Title 21, United States Code, Section 853(g), and Rules 32.2(b)(3), and 32.2(b)(6) of the Federal Rules of Criminal Procedure, the Government is now entitled, pending any assertion of third-party claims, to reduce the Specific Property to its possession and to notify any and all persons who reasonably appear to be a potential claimant of their interest herein;

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Damian Williams, United States Attorney, Assistant United States Attorneys, Cecilia Vogel, Esq. and Thane Rehn, Esq. of counsel, and the Defendant, and his counsel, Mahmoud Rabah, Esq., that:

1. As a result of the offense charged in Count Two of the Indictment, to which the Defendant pled guilty, a money judgment in the amount of $5,338,701 in United States currency (the "Money Judgment"), representing the property involved in the offense charged in Count Two of the Indictment, shall be entered against the Defendant.

2. As a result of the offense charged in Count Two of the Indictment, to which the Defendant pled guilty, all of the Defendant's right, title and interest in the Specific Property is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853.

3.  The Defendant shall make the Payment to the Government within one year of the Defendant's sentencing in this case (the "Time Period"), and the Government agrees to accept the Payment and the Specific Property upon entry of a Final Order of Forfeiture in full satisfaction of the Money Judgment.

4.  In the event that the Defendant is unable to make the Payment within the Time Period, the Defendant may submit a request to the Government for a reasonable extension of the Time Period. The Government may in its discretion approve a request to extend the Time Period upon a showing of good cause by the Defendant, which approval shall not be unreasonably denied.

5.  Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment is final as to the Defendant, FARIDDUN KULIEV, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

6.  All payments on the outstanding Money Judgment shall be made by postal money order, bank or certified check, made payable to the United States Marshals Service, and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Money Laundering and Transnational Criminal Enterprises Unit, One St. Andrew's Plaza, New York, New York 10007 and shall indicate the Defendant's name and case number.

7.  The United States Marshals Service is authorized to deposit the payments on the Money Judgment into the Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

8.   Upon entry of this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment, the United States (or its designee) is hereby authorized to take possession of the Specific Property and to hold such property in its secure custody and control.

9.   Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions, the United States is permitted to publish forfeiture notices on the government internet site, www.forfeiture.gov. This site incorporates the forfeiture notices that have been traditionally published in newspapers. The United States forthwith shall publish the internet ad for at least thirty (30) consecutive days. Any person, other than the Defendant, claiming interest in the Specific Property must file a Petition within sixty (60) days from the first day of publication of the Notice on this official government internet web site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

10.   The published notice of forfeiture shall state that the petition (i) shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Specific Property, (ii) shall be signed by the petitioner under penalty of perjury, and (iii) shall set forth the nature and extent of the petitioner's right, title or interest in the Specific Property, the time and circumstances of the petitioner's acquisition of the right, title and interest in the Specific Property, any additional facts supporting the petitioner's claim, and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

11.   Pursuant to 32.2 (b)(6)(A) of the Federal Rules of Criminal Procedure, the Government shall send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

12. Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Specific Property pursuant to Title 21, United States Code, Section 853(n), in which all interests will be addressed. All Specific Property forfeited to the United States under a Final Order of Forfeiture shall be applied towards the satisfaction of the Money Judgment. The Government agrees to accept the Payment and the Specific Property as full satisfaction of the Money Judgment.

13. If for any reason the Payment is not made as required and the Government has not approved a request to extend the Time Period, then pursuant to 21 U.S.C. § 853(p), the United States is authorized to seek forfeiture of substitute assets of the Defendant up to the uncollected amount of the Money Judgment.

14. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

15. The Court shall retain jurisdiction to enforce this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

[REMAINDER OF PAGE LEFT INTENTIONALLY BLANK]

16. The signature page of this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York

By: _____          July 5, 2022
      CECILIA VOGEL,                          DATE
      THANE REHN
      Assistant United States Attorneys
      One St. Andrew's Plaza
      New York, NY 10007
      (212) 637-1084/2354


FARIDDUN KULIEV

By: _____          July 5, 2022
      FARIDDUN KULIEV                         DATE


By: _____          July 5, 2022
      MAHMOUD RABAH, ESQ.                     DATE
      Attorney for Defendant
      118-35 Queens Blvd, Suite 1220, 12th Floor
      Forest Hills, NY 11375

SO ORDERED:

_____               July 5, 2022
HONORABLE RONNIE ABRAMS                       DATE
UNITED STATES DISTRICT JUDGE